Pearson, C. J.
The plaintiff alleges he held a bond on tbe defendant Freeman,' to execute title to certain lots of land on the payment of the purchase money;. that he paid the purchase money and directed Freeman to make the title to the other defendant Lisk, in trust for the .separate and sole use of the plain tiff's wife,'.and her children : and that the defendant Freeman executed a deed to the.defend *35 ant List for that urpose, but owing to the ignorance or mistake of the draftsman, the deed is inoperative, because it sets out no consideration to raise the use upon which the statute can operate, so as to .pass the legal estate : and the prayer is, that the defendant Freeman shall, execute a deed, valid and sufficient for that purpose.'
The defendant Freeman declines to • do so; ' on the grounds, 1st that the purpose of the plaintiff in directing ihe deed to be made to his co-defendant Lisle, for the sole and separate use of his wife and children, was to defraud certain creditors who have debts against the plaintiff con-' tracted prior to the time when he made"the ffirst deed,' which debts still remain unpaid. 2d. because aney the execution of the first deed which turns out to be inoperative, the plaintiff assigned all his right and interest in ..the lots, and his equity to call for a re-execution of a deed under the title bond, to D. Kendall and A. C; Freeman to indemnify them as his sureties to a debt contracted' for $2-75, and took from them a covenant to rccouvey, provided he .paid ■ the débt on or before the 1st day of January 1855 ; that before that' date he informed A. C. Freeman that he would not be able to pay the debt, and that he, C. Freeman and D. Kemball must pay it and reimburse themselves out of the land, and surrendered *to A. C. Freeman tbe cove-' nant for reconveyance : 'that accordingly A. 0. Freeman paid off the whole of the debt and took possession of the land : that afterwards the land was sold under execution as the property of A. C. Freeman, when the defendant Freeman became the purchaser at the price of $150, and took the 'Sheriff’s deed therefor, and that Kendall has conveyed all his interest to him, and that he has been in possession claiming, the land as his own since 12th,of May 1857. '
The proof offered.by the defendant Freeman, establishes *36 tbe fact that there are several old.debts of Haskill eon-íraetéd before the date of the deed to Lisk, still unpaid. But the defendant has not proved the allegation that’ Has-kill surrendered to A. C. Freeman the “ covenant for re-conveyance.” - The testimony of A. C. Freeman is, that Haskill told him, he and Kendall would have the debt to pay, and must try to save themselves out of the land, as he was unable to paj' it; and that he A.' 0. Freeman did pay the wnole debt.. The witness adds that “after the execution of the deed to Kendall and himself, Haskill surrendered the house and lots embraced therein to deponent.”
After Haskill paid the purchase money, Freeman held the legal title-in trust to convey to - Haskill, or any one according U liis direclions, and the attempt to convey to Lisk being ineffectual by reason of the ignorance of the draftsman, the plaintiff’s equity to call for a re-execution is a very plain one; unless it can be opposed on one of the grounds relied upon by Freeman.-
1st. It seems not to have occurred to Freeman at the rime ho executed the deed to Lisk, according to the directions of Haskill, that he was relieved of the obligation to perform the trust on which he. hold the legal,-title, by reason of the indebtedness of Haskill of which ho had notice: and we are not aware of any principle of law or equity, by which ho can now fall back upon and shelter himself behind tlie rights of Hasl-dll’s old creditors, with whom.he is in no wise concerned. -The deed which.lip is now called on to execute, will not ténd to “ hinder or delay” the remedy of those creditor’s: on the contrary, it will aid them by getting the title out of him and freeing it from all complication. His deed will bo valid between the parties, and is not rendered void by tbe statute 13th Elia, ■which applies only to conveyances made by the debtor,, and in respect to "creditors, the. case will come under the principles discussed in Rhem vs. Tull, 13 Ired. 57.
*37 2d. The deed of Haskill passed bis equitable interest .to Kendall and A. 0. Freeman, subject to Haskills right .of redemption. It is not proved that Haskill surrendered to A. C. Freeman the covenant for re-conveyance, and the fact that “ he was unable to pay the debt and he and Enn-dall must do it, and try to save-themselves out of the land,” did not operate to extinguish his right of redemption.
_ Indeed we are inclined to think, that if he had surrendered, that is handed back the covenant, it would not have had that effect, for, there was no consideration paid, it was a voluutary act, and did not amount to a release: without which the rule applies “ once a mortgage, always a mortgago.”
Had A. C. Freeman sold the land for the' purpose of raising money to pay the debt, the purchaser might have stood^ on higher ground; hut he chose to pay the money ánd keep the land, or rather the equitable interest which be had acquired, and of course held it subject to Haskill’s right of redemption, until it was foreclosed or released, or presumed to be abandoned, from tbe lapse of time. The defendant D. Freeman then comes in as a purchaser at Sheriff’s sale, and stands in the shoes of A. C. Freeman, in respect to the title ; for it is well settled that a purchaser at Sheriff’s' sale, takes only the interest or title of the debtor: and tbe deed of Kindall taken by the defendant Freeman with notice, and without a valuable consideration, leaves tbe equitable interest in his hands, subject to the plaintiff’s right of redemption, and the thing has worked around in such a way, that he is now in a condition to execute the title which, he before made an inaffectual attempt to do.
It occurred to us at one time that Kendall and A.- C. Freeman, ought to be before the court; but we are satis *38 fied it was not necessary to make them parties, as it appears by the answer oi the defendant Freeman, that be has acquired their title, and they have no interest iu the subject of controversy. ■ t \
Another question is presented. In making- redemption, is Haskill to pay the amount of the debt paid off by A. C. Freeman, or only the amount paid by the defendant Freeman when he purchased at Sheriffs sale, to wit $150. How it would he, if a third, person had purchased, it is unnecessary -to decide, for we are satisfied, that all the defendant Freeman is entitled to, is to be indemnified against his outlay: on the.ground that he held the legal title asa trustee, and in making the purchase advanced money in order to buy in an outstanding incumbrance, which clogged the estate of Ms cestui que trust, and is not at liberty to speculate upon it. This is a familiar doctrine of equity.
There will be a decree for the plaintiffs, and a reference to ascertain the amount due, charging Freeman with the rents and profits since he has been in possession, and crediting him with the amount paid to the' Sheriff and'interest.